[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #117
The plaintiff, Amelia Thibault, filed a one-count amended complaint against the defendant, Costco Wholesale Corp. (Costco), on January 6, 1998. The plaintiff alleges that while employed by Costco she was injured and subsequently filed a claim for worker's compensation benefits. Shortly after the plaintiff's return to work, Costco terminated the plaintiff's employment. The plaintiff alleges that her termination was solely motivated by her institution of the worker's compensation claim, in contravention of General Statutes § 31-290a.[1] The plaintiff claims both monetary and "mental" injuries.
On March 3, 1998, Costco filed a motion for summary judgment on the ground that the plaintiff cannot pursue the present claim, because prior to instituting the present claim, she voluntarily elected to pursue her § 31-290a claim before the worker's compensation commission (WCC). The plaintiff filed an objection to Costco's motion for summary judgment on March 20, 1998. The matter was heard by the court on May 4, 1998.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In CT Page 7525 deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . it is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . ." (Internal quotation marks omitted.)Maffucci v. Roval Park Limited Partnership,243 Conn. 552, 554-55, ___ A.2d ___ (1998).
Costco contends that by filing a § 31-290a claim with the WCC, the plaintiff gave up her right to pursue a civil action under the statute. The plaintiff argues that the present suit is not based on § 31-290a, but rather is a claim for post-termination negligent infliction of emotional distress, which falls outside of the worker's compensation statutes. The plaintiff further argues that under General Statutes § 31-275
(16)(B)(iii),[2] she is precluded from bringing claims of emotional damage before the WCC.
To recover for negligent infliction of emotional distress, a plaintiff must prove that the defendant "should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm. . . ." Montinieri v.Southern New England Telephone Co., 175 Conn. 337, 345,398 A.2d 1180 (1978). Even when viewing the allegations in the amended complaint in the light most favorable to the plaintiff, the plaintiff has not alleged any such facts here. Rather, the plaintiff's complaint alleges a cause of action for wrongful termination with associated emotional injuries.
The plaintiff concedes that there is a pending wrongful termination claim before the WCC. (Objection To Motion For Summary Judgment, Affidavit of James Miron). "Subsection (b) of [§ 31-290a] clearly provides two alternative procedures under which an employee may commence a claim of wrongful discharge or discrimination. The employee may either bring an action in the Superior Court or file a complaint with the workers' compensation CT Page 7526 commission with the right to direct appeal to . . . [the appellate] court.'" Fortier v. C M Technology, Inc.,
Superior Court, judicial district of New London at Norwich, Docket No. 099233 (May 4, 1995, Hurley, J.), quoting § 31-290a(b). The Fortier court relied upon other decisions where the superior court has determined that "once an employee selects a particular forum within which to bring his claim under the statute, he may not later attempt to bring the same claim in the alternative forum." Fortier v. C M Technology,
Inc., supra, Superior Court, Docket No. 099233. See alsoCeballos v. Masonic Charity Foundation, Superior Court, judicial district of New Haven at Meriden, Docket No. 246297 (October 25, 1994, Silbert, J.); Caldeira v.State, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 449427 (May 11, 1992, Shaugnessy, J.).
The plaintiff's reliance on cases in which the plaintiff sued his or her employer for negligent infliction of emotional distress arising after a wrongful termination is misplaced as such cases are distinguishable from the claims here, as the plaintiff has not alleged negligent infliction of emotional distress. The court finds that the plaintiff is precluded from bringing the present wrongful termination action in the superior court because a similar suit remains pending before the WCC. (Motion For Summary Judgment, Affidavit of Edward Cerasia, ¶ 4. Accordingly, the defendant's motion for summary judgment is granted.
DAVID W. SKOLNICK, JUDGE.